# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TERRANCE GUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-109 SNLJ |
| | ) | |
| RYAN BECKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on initial review under 28 U.S.C. § 1915(e) of the complaint filed by pro se plaintiff, Terrance Gunn, an inmate at Dunklin County Justice Center.[1] Based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff arising out of the same facts.

## Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against illegal search and seizure. He states that on September 12, 2016, he was driving on Interstate 55 in New Madrid County, Missouri when he was stopped by police for following too closely to a semi. Plaintiff states that defendants conducted an illegal search of his vehicle. Plaintiff states that during this search, defendant Becker planted drugs on plaintiff and then arrested him for possession with intent to distribute methamphetamine.

On April 21, 2017, a federal grand jury indicted plaintiff on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). *See United States*

---

[1] On July 17, 2017, the Court granted plaintiff's motion to proceed in forma pauperis, but did not conduct an initial review under 28 U.S.C. § 1915(e). *See* ECF Doc. 5.

*v. Gunn*, No. 1:17-CR-34 SNLJ (E.D. Mo. filed Apr. 21, 2017). On May 25, 2017, plaintiff pleaded not guilty to the criminal charge. A change of plea hearing is set for January 23, 2018. *Id.* at ECF No. 51.

Plaintiff brings this § 1983 action, alleging defendants violated his Fourth Amendment right to be free of unreasonable searches. Plaintiff also asserts state law claims of sexual battery and assault, false arrest, and intentional infliction of emotional distress against the officers. For relief, plaintiff seeks an injunction and monetary relief in an amount in excess of $2.5 million.

## Discussion

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, plaintiff has filed a § 1983 claim for illegal search and seizure, and state law claims for false arrest and of intentional infliction of emotional distress. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id.* The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *United States v. Gunn*, No. 1:17-CR-34 SNLJ (E.D. Mo. filed Apr. 21, 2017).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *United States v. Gunn*, No. 1:17-CR-34 SNLJ (E.D. Mo. filed Apr. 21, 2017).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction is **DENIED** as moot. [ECF No. 4]

Dated this 18th day of January, 2018.

                                                    STEPHEN N. LIMBAUGH, JR.
                                                  UNITED STATES DISTRICT JUDGE